United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SIERRA PACIFIC PROPERTIES, INC.,

Plaintiff,

v.

KIMBERLYN TAYLOR,

Defendant.

Case No. 18-cv-07709-SK

**REFERRAL FOR REASSIGNMENT AND REPORT AND RECOMMENDATION TO REMAND**

Defendant Kimberlyn Taylor, proceeding *pro se,* removed this unlawful detainer action to federal court. The parties have not consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and therefore the Court does not have authority to make a dispositive ruling in this case. Accordingly, the Court orders that this case be REASSIGNED to a district judge.

The Court lacks subject matter jurisdiction over this action because the single claim in the complaint arises exclusively under state law and the amount in controversy is less than $10,000. Further, because the Defendant is a resident of California, removal was improper.

## BACKGROUND

On November 2, 2018, Plaintiff Sierra Pacific Properties, Inc. filed an unlawful detainer action against Defendant in Contra Costa County Superior Court ("Superior Court"). (Dkt. 1.) Plaintiff seeks possession of 135 Acorn Lane, #235, Pittsburg, California (the "Premises"). (*Id.*) Following a three-day notice to vacate the Premises for failure to pay rent given on October 22, 2018, Defendant refused to deliver possession on October 26, 2018, and therefore Plaintiff filed the unlawful detainer action. (*Id.*) The action specifies that the amount demanded does not exceed $10,000. (*Id.*)

Defendant removed the case to federal district court on December 24, 2018. (*Id.*) Included

with the removal is an answer to the Complaint, that does not appear to have been filed in Superior Court. (*Id.*)  The matter was assigned to the undersigned magistrate judge.

Plaintiff filed an application to proceed *in forma pauperis* which the undersigned granted. (Dkts. 2 and 4.)  Neither party has consented to the jurisdiction of this magistrate judge.

**ANALYSIS**

A federal court has an independent duty to ascertain its jurisdiction and may remand a case *sua sponte* for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).  Federal courts are courts of limited jurisdiction.  *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus,* 980 F.2d at 566.

The Court does not have federal question or diversity jurisdiction over this matter.  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams,* 482 U.S. 382, 392 (1987).  The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim.  "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*  Thus, under the well-pleaded complaint rule, federal –question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.,* 463 U.S. 1, 27-28 (1983).

This is an unlawful detainer action, which is purely a creature of California law.  Thus, federal law does not create the cause of action. *Wells Fargo Bank v. Lapeen,* 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley,* 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).  Moreover, the Court concludes that the claim will not necessarily depend upon the resolution of a substantial question of federal law.  While Defendants' notice of removal refers to a violation of 42 U.S.C. § 3604 (f)(3)(A) for failure to permit reasonable modifications of

United States District Court
Northern District of California

the premises at the expense of a handicapped person, there are no factual allegation in the complaint or Defendants' answer supporting the applicability of that provision. Further, the form Plaintiff used for removing the case from state court, claims that the action was removed from Los Angeles County Superior Court and refers to a violation of the Los Angeles County Municipal Code, when in fact the matter was removed from Contra Costa County Superior Court and involves the municipality of Pittsburg, California

Further, a court cannot exercise removal jurisdiction based on an allegation that the complaint gives rise to a potential or an anticipated defense that might raise a federal question, even if the defense is the only question truly at issue in the case. *Franchise Tax Board,* 463 U.S. at 10, 14; *see also Caterpillar,* 482 U.S. at 393 ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."). Therefore, there is no federal question jurisdiction.

The Court also determines that it does not have diversity jurisdiction over this matter. The amount in controversy does not exceed the jurisdictional amount of $75,000. "In unlawful detainer actions, the right to possession is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession." *Federal Home Loan Mortgage Corp. v. Pulido,* 2012 WL 540554 (N.D. Cal. Feb. 17, 2012). Here, Plaintiff filed the action as a "limited civil case" that "does not exceed $10,000." (Dkt. 1.) Where, as here, a plaintiff specifically alleges that the amount in controversy is less than the jurisdictional threshold, a defendant has the burden of showing with legal certainty that the amount in controversy exceeds $75,000. *See Lowerdermilk v. U.S. Bank National Ass'n,* 479 F.3d 994, 1000, (9th Cir. 2007)). Defendant has not done so here.

Diversity jurisdiction is likewise lacking. 28 U.S.C. § 1441(b) prohibits removal where a defendant in that case is a citizen of the state in which the plaintiff originally brought the action. *See Spencer v. U.S. Dist. Ct for Northern Dist. (Altec Ind., Inc.)*, 393 F.3d 867, 870 (9th Cir. 2004). Once any "local defendant (a citizen of the forum state) has been served, the action cannot

United States District Court
Northern District of California

3

be removed by that defendant, or by any other defendant." *Republic W. Ins. Co. v. Int'l Ins. Co.,* 765 F.Supp. 628, 629 (N.D. Cal. 1991). Here the complaint alleges that Defendant resides at the subject property located in Pittsburg, California and is therefore a citizen of California. (Dkt. 1.)

Therefore, the Court lacks subject matter jurisdiction to hear this matter.

## CONCLUSION

Given the lack of subject matter over this action, the Court recommends that it be REMANDED to the Contra Costa Superior Court. Any party may object to this recommendation within fourteen days of the filing of this order. *See* Fed.R.Civ.P. 72(b).

**IT IS SO ORDERED**.

Dated: December 26, 2018

_____
SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

4